UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>EXTENDED STAY, INC. *et al.*,<br><br>        Debtors. | Chapter 11 Case No.<br><br>No.  09-13764 (JMP)<br><br>(Jointly Administered) |
| WALKER, TRUESDELL, ROTH & ASSOCIATES, as Trustee for and on behalf of the Extended Stay Litigation Trust,<br><br>HOBART TRUESDELL, as Trustee for and on behalf of the Extended Stay Litigation Trust, and<br><br>THE EXTENDED STAY LITIGATION TRUST,<br><br>        Plaintiffs,<br><br>        v.<br><br>ARCHON GROUP, L.P., individually and as servicer; STARWOOD CAPITAL GROUP GLOBAL, L.P.; DEBT U ESH, L.P.; DEBT II ESH, L.P.; WACHOVIA  BANK, NATIONAL ASSOCIATION; SQUARE MILE CAPITAL MANAGEMENT, LLC; ESH OWNER, LLC; KEYBANK, NATIONAL ASSOCIATION; U.S. BANK NATIONAL ASSOCIATION, not individually but solely as Trustee for Maiden Lane Commercial Mortgage-Backed Securities Trust 2008-1, Maiden Lane Commercial Mortgage-Backed Securities Trust 2008-1 and the Federal Reserve Bank of New York; and  DOES 1 through 100, inclusive.<br><br>        Defendants. | Adv. Pro. No. 11-2259<br><br><br><br>Case No. 11-05864<br><br><br>**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO WITHDRAW THE REFERENCE** |

## **TABLE OF CONTENTS**

ARGUMENT……………………………………………………………………….1

CONCLUSION…………………………………………………………………..5

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*City of New York v. Exxon Corp.*,
    932 F.2d 1020 (2d Cir. 1991)..................................................................................................1

*Enron Power Mktg., Inc. v. Cal. Power Exch. Corp. (In re Enron Corp.)*,
    2004 WL 2711101 (S.D.N.Y. Nov. 23, 2004)..........................................................................2

*In re BearingPoint, Inc.*,
    2011 WL 2709295 (Bankr. S.D.N.Y. July 11, 2011) ............................................................3,4

*In re Dana Corp.*,
    379 B.R. 449 (S.D.N.Y. 2007)..................................................................................................2

*In re Johns-Manville Corp.*,
    63 B.R. 600 (Bankr. S.D.N.Y. 1986)........................................................................................2

*Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.)*,
    922 F.2d 984 (2d Cir. 1990)......................................................................................................1

*Stern v. Marshall*,
    ___ U.S. ___, 131 S.Ct. 2594 (2011)................................................................................. passim

**STATUTES**

28 U.S.C. § 157.............................................................................................................................1, 3, 5

Plaintiffs, Walker, Truesdell, Roth & Associates ("WTR&A"), as Trustee for and on behalf of the Extended Stay Litigation Trust (the "Trust"), the Trust, and Hobart Truesdell, as Trustee for and on behalf of the Trust ("Truesdell," and together with WTR&A and the Trust, the "Plaintiffs"), submit this Reply Memorandum of Law in further support of their motion, pursuant to 28 U.S.C. § 157(d) withdrawing the reference of this action from the United States Bankruptcy Court to the United States District Court.

## ARGUMENT

Plaintiffs moved to withdraw the reference on two grounds: First, Plaintiffs demonstrated that the adversary proceeding should be mandatorily withdrawn in light of the ambiguity created by the recent Supreme Court decision in *Stern v. Marshall*, --- U.S. ---, 131 S.Ct. 2594 (2011) which limits the constitutional authority of bankruptcy courts to enter final judgment against third-parties under certain circumstances. Coupled with the Second Circuit case law limiting post-confirmation jurisdiction of bankruptcy courts --- and an absence of precedent from the Second Circuit itself as to the import of *Stern v. Marshall* on cases such as these, the *Stern* decision necessitates material consideration and interpretation of federal constitutional law in addition to applicable bankruptcy law. Accordingly, Plaintiffs demonstrated that mandatory withdrawal is warranted as "resolution of [this] proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. §157(d). *See also*, *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d. Cir. 1991). *See also Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.*), 922 F.2d 984, 995 (2d Cir. 1990) (requiring "substantial and material consideration" of federal non-bankruptcy law for mandatory withdrawal); *In re Johns-*

*Manville Corp.*, 63 B.R. 600 (Bankr. S.D.N.Y. 1986) (determination of CERCLA issues mandated withdrawal as it required interpretation of both title 11 and other federal laws). The reference has thus been withdrawn in cases that "require 'the bankruptcy court to engage itself in the intricacies' of non-Bankruptcy law, as opposed to 'routine application' of that law." *In re Dana Corp.*, 379 B.R. 449, 453 (S.D.N.Y. 2007) (*quoting Shugrue*, 922 F.2d at 995); *Enron Power Mktg., Inc. v. Cal. Power Exch. Corp. (In re Enron Corp.),* 2004 WL 2711101, at *2 (S.D.N.Y. Nov. 23, 2004) ("'The purpose of § 157(d) is to assure that an Article III judge decides issues calling for more than routine application of [federal laws] outside the Bankruptcy Code.'") (*quoting Eastern Airlines, Inc. v. Air Line Pilots Ass'n (In re Ionosphere Clubs, Inc.*), 1990 WL 5203, at *5 (S.D.N.Y. Jan. 24, 1990)). "[W]here matters of first impression are concerned, the burden of establishing a right to mandatory withdrawal is more easily met," *In re Ionosphere*, 103 B.R. at 419, however, the "district court is not required to find that novel or unsettled questions of non-bankruptcy law are presented in order to withdraw the reference," *Enron Power Mktg.*, 2004 WL 2711101, at *2.

In opposing mandatory withdrawal, Defendants rely primarily upon the fact that they have filed proofs of claim. However, *Stern* does not stand for the proposition that the constitutionality of a bankruptcy court's authority to enter final judgment turns upon whether a defendant chooses to file a proof of claim. Indeed, the defendant in *Stern* filed a proof of claim, yet the Supreme Court found the authority of the bankruptcy court to be lacking nonetheless. *Stern*, --- U.S. ---, 131 S.Ct. at 2615-2616.

In addition, the Defendants also oppose mandatory withdrawal by asserting that many of the causes of actions asserted by Plaintiffs in this proceeding are based upon the avoidance powers bestowed under Chapter 5 of the United States Bankruptcy Code. Defendants virtually

2

overlook the fact that there are many claims in this action that are wholly independent of bankruptcy law avoidance claims. These include claims under the New York Debtor & Creditor Law (Count V, Count VI, Count VII, Count VIII) and the Federal Debt Collection Procedure Act (Count IX). As noted by Judge Gerber in *In re BearingPoint, Inc.*, 2011 WL 2709295 (Bankr. S.D.N.Y. July 11, 2011), *Stern* leaves unsettled whether a bankruptcy court may enter a final judgment post-confirmation on such causes of action. *Id.* at *1.

The Defendants also place inappropriate weight upon whether the matters in issue are "core" or "non-core" proceedings. The Supreme Court in *Stern* has plainly rendered the "core" v. "non-core" distinctions to be of no moment to the constitutional scope of a court's power: "[a]lthough we conclude that § 157(b)(2)(C) permits the Bankruptcy Court to enter final judgment on Vickie's counterclaim, Article III of the Constitution does not." *Stern*, 131 S.Ct. at 2608.

Finally, in arguing against permissive withdrawal "for cause" under 28 U.S.C. § 157(d), Defendants gloss over the fact that it remains practical and efficient to withdraw the reference at this stage in light of *Stern v. Marshall*, and the potential unnecessary challenges that the litigants may face in the event of a challenge to the bankruptcy court's ability to render final judgment. While some Defendants may consent to entry of final judgment in the bankruptcy court, this does not mean that every defendant in the numerous adversary proceedings involving similar claims and disputes have consented. Indeed, the risks of such fractured non-consensus demonstrates why this Court should avoid subjecting the Plaintiffs to unnecessary cost and delay in fighting issues that could otherwise be avoided through withdrawal.

Moreover, as Judge Gerber observed in *BearingPoint*, consent by all parties to proceedings in the Bankruptcy Court, provides no assurance that the constitutional issues caused by *Stern v. Marshall* would disappear:

> But in Stern v. Marshall, the majority, while repeatedly stating that Pierce had consented to the bankruptcy court's determination, nevertheless found his consent, under the facts there, inadequate . . . . [I]t's fair to assume that it will now be argued, that consent, no matter how uncoerced and unequivocal, will never again be sufficient for bankruptcy judges ever to issue final judgments on non-core matters. That huge uncertainty presages litigation over the issue with the potential to tie up this case, and countless others, in knots. It also would seemingly invite litigants to consent, see how they like the outcome, and then, if they lose, say their consents were invalid.

*Id.* at pp. 16-17 (internal footnotes and citations omitted).

## **JOINDER**

Motions to withdraw the reference have also been filed by Plaintiffs (through separate counsel) in additional matters before this Court.[1] Plaintiffs respectfully join and incorporate herein the additional arguments raised in the Reply Brief(s) submitted in those matters to the extent that such arguments are equally applicable here.

---

[1] *See, e.g.*,

(1) Walker, Truesdell, Roth & Assoc. v. The Blackstone Group, L.P. (In re Extended Stay, Inc.), 09-13764 (JMP); Civ. Case No. 11-5394 (SAS); Adv. Pro. No. 11-02254 (JMP);

(2) Walker, Truesdell, Roth & Assoc. v. The Blackstone Group, L.P. (In re Extended Stay, Inc.), 09-13764 (JMP); Civ. Case No. 11-5396 (SAS); Adv. Pro. No. 11-02255 (JMP);

(3) Walker, Truesdell, Roth & Assoc. v. Lightstone Holdings, LLC (In re Extended Stay, Inc.), 09-13764 (JMP); Civ. Case No. 11-5395 (SAS); Adv. Pro. No. 11-02256 (JMP) and

(4) Walker, Truesdell, Roth & Assoc. v. The Blackstone Group, L.P. (In re Extended Stay, Inc.), 09-13764 (JMP); Civ. Case No. 11-5397 (SAS); Adv. Pro. No. 11-02398 (JMP).

## **CONCLUSION**

For all the reasons set forth above, and previously asserted, the reference to the Bankruptcy Court of the adversary proceeding against the Defendants should be withdrawn, both on mandatory and on discretionary grounds.  Plaintiffs, accordingly, respectfully move this Court for an order withdrawing the reference of the Plaintiffs' adversary proceedings under 28 U.S.C. § 157(d).

Dated:   New York, New York
             September 23, 2011

                                                        FORMAN HOLT, ELIADES & RAVIN, LLC

                                                        By:  /s/ Michael J. Connolly
                                                              Michael J. Connolly
                                                               mconnolly@formanlaw.com
                                                               80 Route 4 East, Suite 290
                                                               Paramus, NJ 07652
                                                               (201) 845-1000 (phone)
                                                               (201) 845-9112 (fax)

                                                               *Attorneys for Plaintiffs Walker, Truesdell, Roth & Associates and Hobart Truesdell, as Trustees for and on behalf of the Extended Stay Litigation Trust, and the Extended Stay Litigation Trust*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 23d day of September, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties via transmission of Notice of Electronic filing generated by CM/ECF.

          Respectfully submitted,

          FORMAN, HOLT, ELIADES & RAVIN, LLC

          By:  /s/ Michael J. Connolly
               Michael J. Connolly
               mconnolly@formanlaw.com
               Andrew Karas
               akaras@formanlaw.com
               Joseph Cerra
               jcerra@formanlaw.com
               80 Route 4 East, Suite 290
               Paramus, NJ 07652
               (201) 845-1000 (phone)
               (201) 845-9112 (fax)

               *Attorneys for Plaintiffs Walker, Truesdell, Roth & Associates and Hobart Truesdell, as Trustees for and on behalf of the Extended Stay Litigation Trust, and the Extended Stay Litigation Trust*

m:\lit\extended stay\pleadings\withdraw reference\reply papers\reply memo of law.docx